**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**STEPHAN BRIECKE,**

                        **Plaintiff,**

    v.                                                **9:12-CV-1271**
                                                           **(MAD/RFT)**

**BRIAN FISCHER, et al.,**

                          **Defendants.**

---

**APPEARANCES:**                                       **OF COUNSEL:**

**STEPHAN BRIECKE**
**130022619**
Plaintiff, *pro se*
Turner Guilford Knight Correctional Center
700 NW 41st Street
Miami, Florida 33166

**HON. ERIC T. SCHNEIDERMAN**           **LAURA A. SPRAGUE, AAG**
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**MAE A. D'AGOSTINO**
**United States District Judge**

## DECISION and ORDER

### I. INTRODUCTION

Plaintiff Stephan Briecke, who is proceeding *pro se* and *in forma pauperis*, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 41 U.S.C. §12101, *et seq.* ("ADA"). *See* Dkt. No. 1. Liberally construed, Plaintiff's complaint alleged that Defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights and that they violated his rights under the ADA. *See generally* Dkt. No. 1.

Defendants have filed a motion for summary judgment. *See* Dkt. No. 20. Plaintiff has responded to this motion and filed a cross motion for summary judgment. *See* Dkt. No. 30.

Currently before the Court is Plaintiff's motion requesting that the Court order the Cayuga County Sheriff to return certain property to him, which the Court will liberally construe as a motion for preliminary injunctive relief. *See* Dkt. No. 41.[1] Plaintiff also requests a video conference. *See* Dkt. Nos. 45, 46.

## II. DISCUSSION

**A.   Motion for Injunctive Relief**

A preliminary injunction is an "extraordinary remedy" that should not be granted as a routine matter. *See Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted). In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *See No Spray Coalition, Inc. v. City of New York*, 252 F.3d 148, 150 (2d Cir. 2001) (per curiam); *Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir. 1992)*.* Preliminary injunctive relief "should not be granted unless the movant, by a clear

---

[1] The Court notes that, in this motion, Plaintiff also requested that counsel for Defendants be directed to serve him with Defendants' response to Plaintiff's motion for summary judgment. *See* Dkt. No. 41 at 3-4. Plaintiff requested this relief by separate letter motion (Dkt. No. 43), which the Court addressed by Text Order dated May 29, 2013. The Clerk was directed to send Plaintiff a courtesy copy of Defendants' response. *See* Dkt. No. 44.

showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court need not reach the merits of Plaintiff's motion because it does not have jurisdiction to grant the requested relief. The Cayuga County Sheriff is not a party to this action. The Court, therefore, lacks subject matter jurisdiction to enjoin the actions of the Sheriff. *See United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Williams v. State University of New York*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) (noting that "prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief"); *see also* Fed. R. Civ. P. 65(d)(2). Moreover, the relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint. *See Allen v. Brown*, No. 96-CV-1599, WL 214418, *4 (N.D.N.Y. Apr. 28, 1998). Here, plaintiff's request for injunctive relief is unrelated to the claims in the complaint.

Consequently, Plaintiff's motion for a preliminary injunction against the Cayuga County Sheriff is denied.[2]

**B.     Request for a Videoconference**

Plaintiff also requests a video conference. *See* Dkt. Nos. 45, 46. In his most recent submission, Plaintiff notes that he requests this video conference "to discuss the Attorney Genera[']s Answer to [his] Cross motion for summary judgment." *See* Dkt. No. 46. Plaintiff is advised that the pending motions for summary judgment are currently before the Court and will be decided in due course. Plaintiff is further advised that these motions will be decided based on the parties' submissions.

---

[2] Plaintiff is reminded that if his efforts to resolve concerns regarding his property through administrative channels at the Cayuga County Jail were unsuccessful, they may be addressed through a properly filed action. *See* April 3, 2014 Text Order, Dkt. No. 39.

3

Consequently a video conference is unnecessary at this time and plaintiff's request for a video conference is denied without prejudice.

### III. CONCLUSION

**WHEREFORE,** the Court hereby

**ORDERS** that Plaintiff's motion for injunctive relief (Dkt. No. 41) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's request for a video conference (DKt. Nos. 45. 46) is **DENIED** without prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties. The Clerk is also directed to serve an updated copy of the docket report on Plaintiff.

**IT IS SO ORDERED.**

Dated: September 17, 2013
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge